UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WILLIAM J. PELTIER,<br><br>        Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>        Defendant. | No. CV 12-10898-VBK<br><br>MEMORANDUM OPINION AND ORDER<br><br>(Social Security Case) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1. Whether, at Step Five, the Administrative Law Judge ("ALJ")

        properly assessed Plaintiff's ability to perform other work in the national economy; and

2.    Whether the ALJ properly assessed Plaintiff's credibility regarding his neck and back impairments.

(JS at 3.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THE ALJ PROPERLY ASSESSED PLAINTIFF'S ABILITY TO PERFORM OTHER WORK IN THE NATIONAL ECONOMY AT STEP FIVE**

In his first issue, Plaintiff contends that the ALJ failed to properly assess Plaintiff's limitations based on finger manipulation, since he is missing in his left hand, according to his counsel, "at least part of at least one digit." (JS at 4.) During the hearing before the ALJ (AR 24-52), Plaintiff was asked whether he has "any physical problems that keep you from working?" (AR 37.) Plaintiff recited a number of problems, and then told the ALJ that "I am missing fingers on my left hand." (AR 39.) Plaintiff explained that this happened "some time ago with an engine block;" that he has difficulty making a fist, but that he can hold on to a pen or pencil; he cannot write a page with his left hand, although he is left-handed, and "I have to write with my right hand." (AR 39-40.) Plaintiff indicated that he has problems buttoning clothing, which takes him a long time. He can open doors without difficulty. (AR 40.)

In the Decision, the ALJ assessed severe impairments at Step Two

as including loss of part of left index finger. (AR 12.)  The ALJ did not, however, find that there were any work-related limitations based upon this fact, noting that Plaintiff had received an internal medicine consultative examination ("CE") in October 2010 from Dr. Godes.  Dr. Godes noted that Plaintiff is missing part of the index finger of his left hand (AR 15), but that no relevant manipulative limitations existed.  Indeed, this conclusion is well supported by a review of Dr. Godes' report (451-456, at 453-454).  Dr. Godes found normal grip strength on the left side, and that "range of motion of wrists is grossly normal bilaterally.  Finger approximation is intact." (Id.)

Thus, it appears clear from the record that the ALJ did do a fair assessment of any relevant limitations in Plaintiff's manipulative ability with his left hand, based largely upon his reliance on Dr. Godes' report.  Even if one were to fully credit Plaintiff's own subjective assessment, as set forth in his testimony, however, the issue would be whether the ALJ's Step Five determination that there are other occupations available to Plaintiff would be error.  This argument is addressed squarely by the Commissioner, who asserts that any error would be harmless because it is clear from the record that it would be inconsequential to the ultimate non-disability determination. (See JS at 11-12, citing Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).  The Commissioner makes this argument by noting that the identified Step Five job of shoe packer (DOT No. 920.687-166 (see AR at 18) does not require any fingering. (See JS at 11.)  Plaintiff does not assert that the Commissioner's contention is erroneous (see Plaintiff's Reply Regarding Issue No. 1 at JS 13). Consequently, this is a case in which the Court can properly apply the

3

harmless error doctrine, because it is clear that even if Plaintiff's limitations as Plaintiff himself assessed them with regard to his left hand fingering were found to be credible, that would not have precluded identification of the job of shoe packer as being an available occupation at Step Five.

The above analysis would be sufficient to determine the case, but the Court does note that even the other job of assembler, DOT No. 701.686-010, also identified by the ALJ as an available Step Five occupation (AR 18) does not require that manipulative activity be done with both hands. (See discussion in JS at 12.) Again, Plaintiff does not dispute this assertion, or the case citations provided by the Commissioner to support this contention.

For the foregoing reasons, the Court finds that any error of the ALJ in failing to fully credit Plaintiff's left hand manipulative abilities, as assessed by Plaintiff, is harmless, because it would have no effect on the ultimate outcome of the case at Step Five.

II

**THE ALJ PROPERLY ASSESSED PLAINTIFF'S CREDIBILITY**

Plaintiff's second issue concerns the ALJ's assessment of his credibility. In his Decision, the ALJ depreciated Plaintiff's credibility, citing reasons set forth elsewhere in his Decision. (AR 17.)

While Plaintiff finds that the ALJ did not comply with well established requirements concerning the assessment of credibility, the Court must respectfully disagree. The ALJ's Decision sets forth numerous well established factors for depreciation of credibility. These include a lack of medical evidence supporting Plaintiff's

1 allegations of a disabling neck and back impairment. (AR 15-17.) In
2 addition, the fact that Plaintiff treated his pain with over-the-
3 counter medication does, as the Commissioner argues, undermine the
4 severity of his neck and back complaints. (See JS at 23, citing Parra
5 v. Astrue, 481 F.3d 742, 750-51 (9th Cir. 2007).)  Further, the
6 Commissioner correctly notes that since his December 2008 injury,
7 Plaintiff has received no other treatment for his neck or back, and
8 admitted at the hearing before the ALJ in August 2012 that he was not
9 seeking treatment for any physical conditions or complaints. (AR 43,
10 622.)  This is a fair credibility assessment factor.
11   The ALJ also did consider a wide range of activities of daily
12 living ("ADL") which are cited at AR 17.  Although Plaintiff argues
13 the issue of lack of transferability of these activities to the work
14 environment, the Court considers that the wide range of activities
15 which Plaintiff in fact engaged in, such as vacuuming, washing dishes,
16 doing the laundry, attending drug and alcohol treatment meetings three
17 to four times per week, riding a bicycle, and apparently taking a job
18 as a handyman, do detract from the credibility of his claim that his
19 manipulative limitations were disabling.  Finally, the Court agrees
20 with the Commissioner that Plaintiff's failure to attend two CEs did
21 depreciate his credibility. (See AR at 17, and JS at 24, citing Thomas
22 v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002).
23   For the foregoing reasons, the Court concludes that the ALJ's
24 credibility assessment was performed in accordance with all the
25 requirements of statute, case law, and regulations.
26 //
27 //
28 //

The decision of the ALJ will be affirmed.  The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: September 26, 2013              /s/
                                       VICTOR B. KENTON
                                       UNITED STATES MAGISTRATE JUDGE